IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DWAYNE ANTHONY BERGER, | :: | CIVIL ACTION NO. |
| Inmate # 51925-019, | :: | 1:06-CV-2726-TCB |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| MARSARAH L. KELLY, | :: | PRISONER CIVIL RIGHTS |
| Defendant. | :: | 28 U.S.C. § 1331 |

## ORDER AND OPINION

Plaintiff, an inmate at the Elkton Federal Correctional Institution in Lisbon, Ohio, has submitted the instant pro se civil rights action and an affidavit seeking leave to proceed in forma pauperis. [Docs. 1, 2.] For the purpose of dismissal only, such leave is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915(e)(2) frivolity determination.

### I. 28 U.S.C. § 1915(e)(2) Frivolity Review

A federal court "shall dismiss" an in forma pauperis action "at any time if the court determines that" the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation). Similarly, to state a claim for relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by

2

the Constitution of the United States. See, e.g., Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). See also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting that "as a general matter federal courts incorporate § 1983 law into Bivens actions").

## II. Plaintiff's allegations

Plaintiff presents herein allegations that are closely related to those that this Court dismissed for failure to state a claim in a prior action, Berger v. Kelly, Civil Action No. 1:06-CV-1775 (N.D. Ga. Sept. 18, 2006). Plaintiff asserts, however, that the instant complaint is "a little more properly composed" and should enable his claims to proceed further. [Doc. 1 at 1.] In the prior complaint, Plaintiff alleged that Ms. Kelly "willfully and knowingly gave perjured testimony to the Federal Grand Jury and District Court for the Northern District of Georgia" during Plaintiff's criminal proceedings. Civil Action No. 1:06-CV-1775, Doc. 1 ¶ V. Based on Ms. Kelly's allegedly perjured testimony, Plaintiff was sentenced to 129 months in federal prison for crimes he claims he did not commit. Id. Then, while in prison, Plaintiff received an affidavit from Ms. Kelly, as well as "numerous other letters," indicating that she had lied with respect to several matters at issue in Plaintiff's trial. Ms. Kelly stated in her affidavit that "she was compelled by the government to make numerous

inculpatory statements with regard to [Plaintiff] to avoid a harsh penalty and to receive a reduced sentence." Id. In dismissing Plaintiff's prior complaint, the Court took judicial notice that Plaintiff previously had filed a motion for a new trial in his criminal proceedings, asserting that Ms. Kelly's affidavit established his innocence. Id., Doc. 4. See United States v. Kelly, Criminal Action No. 1:00-CR-0833-ODE, Docket Entry 172 at 4 (Eleventh Circuit judgment affirming the denial of Plaintiff's motion for a new trial). The Honorable Orinda D. Evans held an evidentiary hearing on the matter, during which Ms. Kelly denied having testified falsely at Plaintiff's trial. Criminal Action No. 1:00-CR-0833-ODE, Docket Entry 172 at 4.

In the instant complaint, Plaintiff claims that Ms. Kelly acted "in concert with the federal government prosecutors" to deny his freedom, ostensibly by testifying falsely at the evidentiary hearing on his motion for a new trial. [Doc. 1 at 7.] Plaintiff alleges that he has an "abundance of recent (and old) letters" from Ms. Kelly indicating, among other things, that "the government prosecutor and two FBI agents visited her" in prison on the day before the hearing "and strongly advised her with serious threats that she better not testify to that affidavit in open court." [Doc. 1 at 5, 7.] Plaintiff claims to have letters from Ms. Kelly "continuing to apologize for lying on [him] in court and [that] go on to say that the government prosecutors threaten[ed]

4

her using her children as leverage." [Id. at 6.] Stating that Ms. Kelly either lied in her trial testimony or lied when she submitted a false affidavit, Plaintiff "feel[s] that he has a valid claim either way." [Id. at 6-7.] He seeks $20,000 in damages from Ms. Kelly or, in the alternative, her acknowledgment that she testified falsely against him and that he is innocent of the crimes in which she implicated him. [Id. at 7.]

### III. Discussion

Plaintiff may pursue 42 U.S.C. § 1983 relief only against persons who have acted under color of state law, which typically excludes relief against private parties. "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130, 1133 (11th Cir. 1992) (noting that a private actor may be liable under § 1983 if she was "a willful participant in joint action with the State or its agents," but "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons"). See Howard v. Wal-Mart, 175 Fed. Appx. 282, 283 (11th Cir. Mar. 15, 2006) (unpublished opinion) (stating that "[t]he federal constitution does not protect against injuries by purely private individuals . . .").

Therefore, in order to state a claim for relief in either a § 1983 or a Bivens action against Ms. Kelly, who is a private party, Plaintiff must plead material facts showing that Ms. Kelly conspired with at least one state or federal agent to violate Plaintiff's constitutional rights. Plaintiff claims to have letters from Ms. Kelly suggesting just such a conspiracy, allegedly consummated when the federal prosecutor warned her not to repeat in open court the statements set forth in her affidavit, which contradicted her trial testimony, and suggested dire consequences should she do so. However, even had the prosecutor advised Ms. Kelly, in the strongest possible terms, not to perjure herself at Plaintiff's evidentiary hearing, such advice would not have constituted a conspiracy to violate Plaintiff's constitutional rights. Furthermore, Plaintiff has offered no actual evidence to support a conspiracy claim, even though his prior complaint was dismissed in large part because he lacked such evidence. Accordingly, as before, the Court concludes that the factual allegations supporting Plaintiff's claims are "clearly baseless" and do not set forth a nonfrivolous claim for relief in either a § 1983 or a Bivens action. See Carroll, 984 F.2d at 393.

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED**. See 28 U.S.C. § 1915(e)(2(B)(ii).

**IT IS SO ORDERED** this 30th day of November, 2006.

*[signature]*

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE